UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RAVAYON JOHNSON ET AL** | **CASE NO. 6:23-CV-01629** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KEATY REAL ESTATE PROPERTY MANAGEMENT LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the *Motion to Dismiss Amended Complaint and Alternative Motion for Summary Judgment and Motion to Strike* filed by Defendant, Keaty Real Estate Property Management, LLC ("Keaty Management"). (Rec. Doc. 25).[1] Plaintiffs, Ravoyon Johnson, Charles Dominick, and Curtis Breaux, opposed the motion (Rec. Doc. 29), and Keaty Management replied (Rec. Doc. 32). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Keaty Management's motion be granted and that Plaintiffs' claims be dismissed.

---

[1] Defendant's Motion to Strike is addressed by separate Memorandum Order.

**Facts and Procedural History**

Plaintiffs, three former employees of Keaty Management, filed this employment discrimination suit in November 2023. (Rec. Doc. 1). In response to Keaty Management's motion to dismiss the original complaint, the Court dismissed Plaintiffs' claims without prejudice, finding that the complaint failed to show that Keaty Management was a statutory employer, a necessary element of Plaintiffs' claims. The Court ordered Plaintiffs to file an amended complaint addressing the deficiency. (Rec. Doc. 19). Plaintiffs timely filed an amended complaint.

Plaintiffs' amended complaint alleges that Amy Green, of Keaty Management, hired them as maintenance workers between December 2020 and June 2022. (Rec. Doc. 22, ¶9; 31; 54). They allege various facts regarding interactions with Green and other non-party workers resulting in discipline and, in Breaux's case, termination. (Rec. Doc. 22, ¶9-67). They assert federal and state claims for race discrimination, retaliation, and hostile work environment (Counts 1, 2, 7, and 8). Additionally, Dominick asserts federal and state claims for age discrimination (Counts 3 and 4), and Breaux asserts federal and state claims for disability discrimination (Counts 5 and 6). Keaty Management again moves to dismiss all claims on the primary grounds that it does not qualify as a statutory employer.

## Law and Analysis

I. **Legal Standard and Evidence Considered**

Keaty Management moves to dismiss Plaintiffs' claims under Rule 12(b)(6) and, alternatively, for summary judgment under Rule 56. Keaty Management relies, in large part, upon the declaration of Amy Green, its property/office manager who attests regarding the number of people Keaty Management employed, with attached supporting payroll documents. (Rec. Doc. 5-2).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). Green's declaration and payroll records do not fall into the categories of documents subject to consideration under Rule 12(b)(6).

3

When the defendant offers extraneous documents, as in this case, the court has complete discretion, based on a determination of whether the proffered material is likely to facilitate the disposition of the action, to accept material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc*., 847 F.2d 186, 193 n.3 (5th Cir. 1988). Pursuant to Rule 12(d), "if matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56[, and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." (Emphasis added). The Court finds that Green's declaration and attached exhibits will facilitate disposition of the action. Thus, the Court will consider Keaty Management's motion as one for summary judgment under Rule 56.

Under Rule 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(a) also permits partial summary judgment on any part of a claim or defense. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir.2009). A genuine issue of material fact exists if a

reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn,* 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir.2008) (citing *Celotex*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir.2005).

5

## II. Whether Keaty Management is a statutory employer.

Keaty Management first moves to dismiss Plaintiffs' claims on the grounds that it does not qualify as a statutory employer under Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and Louisiana Employment Discrimination Law. Title VII and the ADA only apply to employers who employ fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b) (Title VII); 42 U.S.C. §12111(5)(A) (ADA). The ADEA applies to those who employ twenty or more employees. 29 U.S.C. §630(b). Louisiana Employment Discrimination Law only applies to those who employ twenty or more employees within the state for each working day in each of twenty or more calendar weeks in the current or preceding calendar yea. La. R.S. 23:302(2).

Keaty Management submitted the declaration of its property/office manager, Amy Green, who states that during the pertinent times, she has overseen personnel matters and managed the maintenance department. (Rec. Doc. 5-2, ¶3-4). Based on the attached and authenticated payroll records, Green states that at no time between January 1, 2021, through January 15, 2024, did Keaty Management employ fifteen or more individuals. (Rec. Doc. 5-2, ¶13-14).

6

Plaintiffs alleged they were employed by Keaty Management (Rec. Doc. 22, ¶9; 31; 54[2]), an undisputed fact which is supported by Keaty Management's payroll records. (See Rec. Doc. 5-2, Exhibit 1, Keaty Management "Paycheck history report"). Nonetheless, Plaintiffs alleged that Keaty Management and Keaty Real Estate LLC ("Keaty Real Estate") are "interrelated with centralized labor relations, and they share common management and ownership." (Rec. Doc. 22, ¶5-6). They allege they worked for both companies but were paid by Keaty Management. (¶7). They argue the court may consider both companies' number of employees under the joint employer doctrine.

> To determine whether an employment relationship exists within the meaning of Title VII, we apply a 'hybrid economic realities/common law control test. The most important component of this test is the right to control the employee's conduct. When examining the control component, we have focused on whether the alleged employer has the right to hire, fire, supervise, and set the work schedule of the employee. State law is relevant insofar as it describes the plaintiff's position, including his duties and the way he is hired, supervised and fired. The economic realities component of the test focuses on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.

*Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't,* 479 F.3d 377, 380 (5th Cir. 2007), (cleaned up). The same test applies in the context of the ADA and

---

[2] Plaintiffs refer to Keaty Real Estate Property Management, LLC as "Keaty." See Rec. Doc. 22, p. 1.

7

the ADEA. *Burton v. Freescale Semiconductor, Inc.,* 798 F.3d 222, 227, fn. 2 (5th Cir. 2015).

"In contrast, Louisiana's definition of employer focuses on the issue of *which entity pays the employee* and there is no corresponding Louisiana jurisprudence holding Louisiana's focus in the context of employer status is the issue of control, as it is under the federal scheme." *Johnson v. Hosp. Corp. of Am.,* 767 F. Supp. 2d 678, 693 (W.D. La. 2011) (emphasis in original); *Davis v. Gavin*, No. CV 18-1568, 2021 WL 3573040, at *8 (W.D. La. Aug. 12, 2021), *aff'd sub nom. Davis v. Par. of Caddo on behalf of Caddo Par. Comm'n*, No. 21-30694, 2022 WL 2955156 (5th Cir. July 26, 2022), citing La. R.S. § 23:302(2).

Because Louisiana's law focuses on the paying entity, Plaintiffs' state law claims are more easily addressed. Green's declaration, the Keaty Management payroll records, and Plaintiff's own allegations show that Keaty Management was the paying employer. Keaty Management did not employ fifteen or more people. Hence, Plaintiffs' state law claims should be dismissed.

Less explicit is whether the Court should consider Keaty Management and Keaty Real Estate as a single employer for purposes of counting employees. Keaty Real Estate is not a defendant, and Green's declaration is silent on the number of people Keaty Real Estate employed. Although Plaintiffs alleged generally they worked collectively for both companies, they did not present any evidence to counter

Keaty Management's motion and Green's declaration. Additionally, Plaintiffs failed to allege or present evidence to show that Keaty Real Estate had the rights to control their conduct, to hire, fire, or supervise, or to set their work schedules, or whether Keaty Real Estate provided any benefits or set the terms and conditions of their employment. Indeed, the amended complaint re-alleges that Keaty Management hired them, that they reported to Amy Green (Keaty Management's property/office manager), and that Green directed their work, which is alleged in detailed paragraphs. For instance, Plaintiffs alleged that they reported to Green on tasked items (¶13; 55), Green controlled their use of the company vehicle (¶15), and Green was responsible for terminations and performance evaluations (¶40; 44; 52; 66).

Rather than present evidence to establish genuine issues of material fact, Plaintiffs argue for the opportunity to conduct discovery to accurately plead presently unknown facts. Rule 56(d) authorizes a court to defer considering a motion for summary judgment, to deny it, and to allow time for discovery if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."

> [N]on-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Instead, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion

9

for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.

*Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (cleaned up).

Notwithstanding Plaintiffs failure to submit a Rule 56(d) affidavit or declaration, Plaintiffs offer nothing new to counter their own re-stated allegations showing that Keaty Management, through Amy Green, hired them, paid them, directed their daily tasks, disciplined/terminated them, and otherwise controlled the conditions of their employment. Plaintiffs' unsubstantiated attempt to discredit Green's testimony likewise fails. They argue both Keaty entities have the same mailing address, 350 Doucet Road, while Keaty Management identified its domicile address as 107 Board Road with the Secretary of State (Rec. Doc. 29-3; 29-4)[3] and in Green's declaration (Rec. Doc. 5-2, ¶2). Plaintiffs contend (without evidentiary support or even complaint allegations) that they reported to 350 Doucet Road. Although they attempt to create an issue of fact based on the address discrepancy, the Court is not persuaded. Businesses often utilize different addresses for operations

---

[3] The Court overrules Keaty Management's objection to the Secretary of State documents attached as exhibits to Plaintiffs' opposition. Court's routinely take judicial notice of information from the Secretary of State. See e.g. *Treme v. St. John the Baptist Par.*, No. CV 21-1607, 2022 WL 17622307, at *2 (E.D. La. Dec. 13, 2022), citing cases.

and management. Plaintiffs' contentions regarding different addresses, even if true, do not overcome Plaintiffs own detailed allegations showing that they, as maintenance workers, worked at different properties, and allegations about who controlled their work, hired them, etc.

Otherwise, Plaintiffs' only hope is to discredit Green's declaration. Considering the totality of Plaintiffs' own detailed allegations, Green's declaration, and the fact that Plaintiffs failed to identify any specific facts to support their argument that Keaty Management and Keaty Real Estate should be considered joint employers for purposes of establishing statutory employer liability, the Court declines to allow discovery. See *Biles*, *supra*, at 895 (The district court was within its discretion to deny requested discovery where the discovery "was unlikely to result in a direct admission by [the affiant] that he had committed perjury and fraud, and therefore, would not have influenced the outcome of the summary judgment motion."). Accordingly, the Court finds that Plaintiffs failed to show any disputed issues of fact regarding their employing entity, Keaty Management, and the number of people it employed. The undisputed evidence shows that Keaty Management employed less than fifteen people at the pertinent times. Thus, Keaty Management was not an "employer" for purposes of liability under Title VII, the ADA, the ADEA, or Louisiana Employment Discrimination Law. Plaintiffs' claims fail as a matter of law.

Having found that Plaintiffs' claims do not survive the statutory employer threshold, the Court declines to address Keaty Management's other urged grounds for dismissal.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Keaty Real Estate Management, LLC's Motion to Dismiss/for Summary Judgment (Rec. Doc. 25) be GRANTED and that Plaintiffs' claims be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

  THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of September, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE