UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RAVAYON JOHNSON ET AL**   **CASE NO. 6:23-CV-01629**

**VERSUS**   **JUDGE TERRY A. DOUGHTY**

**KEATY REAL ESTATE PROPERTY**   **MAGISTRATE JUDGE CAROL B.**
**MANAGEMENT LLC**   **WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is the Rule 11 Motion for Sanctions filed by Defendant, Keaty Real Estate Property Management, LLC ("Keaty Management"). Plaintiffs opposed the motion (Rec. Doc. 33; 35). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Keaty Management's motion be granted in part.

## Facts and Procedural History

Plaintiffs, three former employees of Keaty Management, filed this employment discrimination suit in November 2023. (Rec. Doc. 1). Keaty Management filed a motion to dismiss and alternative motion for summary judgment, attaching the declaration of its property/office management, Amy Green,

and payroll records. (Rec. Doc. 5-2). On February 20, 2024, Plaintiffs filed a motion to strike Green's declaration and attached payroll records, arguing the declaration contained hearsay and conclusory statements and that the attached payroll exhibits were unauthenticated. (Rec. Doc. 7 and 8). They suggested that Green was not actually Keaty Management's custodian of records, because she relied on "her own self-serving statements," and that the payroll records were thus unauthenticated, but Plaintiffs did not provide any factual allegations or evidence to substantiate their suggestion. (Rec. Doc. 7, p. 24-25).

On February 23, 2024, Keaty Management's counsel sent a letter to Plaintiffs' counsel stating their belief that Plaintiffs' motion to strike Green's declaration violated Rule 11 and advising that they would file a motion for Rule 11 sanctions unless Plaintiffs withdrew their motion. The letter provided Plaintiffs' counsel twenty-one days to withdraw the motion to strike pursuant to the Rule 11(c)(2) safe-harbor provision. (Rec. Doc. 27-1). The twenty-one-day period expired on March 12, Keaty Management filed an opposition to Plaintiffs' motion to strike on March 13, 2024 (Rec. Doc. 12), and Plaintiffs moved to withdraw the motion to strike on March 20 (Rec. Doc. 14). Plaintiffs stated that they desired to withdraw their Motion to Strike the Declaration of Amy Green "[a]s a result of a discussion with Counsel for Defendant." (Rec. Doc. 14, ¶4). Two days later, the Court denied Plaintiffs' motion to strike and found:

> In Plaintiffs' Motion to Strike [Doc. No. 8], Plaintiffs move to strike paragraphs 11, 12, 13, 14 and 15 of the Declaration of Amy Green [Doc. No. 5-2]. These paragraphs relate to Amy Green's knowledge of Keaty's QuickBooks and/or payroll records from January 1, 2021, through January 15, 2024. Plaintiffs argue that the records are unauthenticated and constitute hearsay. However, Amy Green identifies herself as the custodian of business records and authenticates the record by declaring she has overseen personnel matters of Keaty's employees and exclusively used QuickBooks exclusively as the record for payroll payments for both salaried and hourly employees.
>
> These facts are not disputed by any evidence, and there is no legal ground to strike the pertinent paragraphs of Amy Green's Declaration.

(Rec. Doc. 17, p. 2-3).

Unrelated to the foregoing, but pertinent to the issue of sanctions, is Plaintiffs' more recently filed amended complaint. In response to Plaintiffs' original complaint, Keaty Management moved to strike certain paragraphs relating to allegations of a non-party's suicide. (Rec. Doc. 5, p. 21-23). The Court found that paragraphs 12, 16, and 17 and the last sentence of paragraph 27 of the original complaint were unrelated to Plaintiffs' claims and ordered them stricken. (Rec. Doc. 17). The Court also granted Keaty Management's motion to dismiss the original complaint and ordered Plaintiffs to file an amended complaint. (Rec. Doc. 19).

Plaintiffs timely filed the amended complaint on June 28, 2024. (Rec. Doc. 22). Paragraph 20 of the amended complaint again alleges facts regarding the non-party's suicide. Keaty Management again moved to strike the offending paragraph (Rec. Doc. 25). Plaintiffs conceded the paragraph should be stricken. (Rec. Doc. 29-

3

2, p. 22). Meanwhile (before Plaintiffs conceded to strike paragraph 20), Keaty Management filed the instant motion for sanctions.

Finally, the Court is aware that the Clerk of Court has twice instructed Plaintiffs' counsel to file a motion to enroll or substitute attorney Kathryn Williams. (Rec. Doc. 21 and 34). Plaintiffs counsel has yet to comply.

## Law and Analysis

Keaty Management moves for sanctions under F.R.C.P. Rule 11, which states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(b).

The subparts of Rule 11(b) provide independent bases for sanctions, and each obligation must be satisfied. *Whitehead v. Food Max of Mississippi, Inc.,* 332 F.3d

796, 802-803 (5th Cir. 2003). "[I]n determining compliance *vel non* with each obligation, 'the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances.'" *Id*. at 802, quoting *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir.1994). "[T]he imposition or denial of sanctions of necessity involves a fact-intensive inquiry into the circumstances surrounding the activity alleged to be a violation of Rule 11." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 566 (5th Cir. 2006), quoting *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 873 (5th Cir.1988) (en banc).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Rule 11(c)(1). The rule provides a safe-harbor provision, which allows a party to avoid sanctions if he withdraws or corrects the offending pleading within twenty-one days. Rule 11(c)(2).

Keaty Management moves for Rule 11 sanctions based on Plaintiffs' motion to strike Green's declaration because, Keaty argues, the motion lacked evidentiary support, rested on a frivolous argument that Green was not the custodian of records, and purposefully and needlessly increased the cost of litigation by requiring Keaty to file an opposition.

The Court agrees that Plaintiffs' motion to strike was unreasonably based upon the unsubstantiated assertion that Green was not Keaty Management's custodian of records. Plaintiffs' counsel later, apparently, agreed and eventually moved to withdraw the motion; however, by that time twenty-nine days had elapsed and Keaty had been forced to file an opposition.

The Court is also cognizant of Plaintiffs' counsel's unrelated failures to abide by the Court's order striking certain paragraphs in the complaint pertaining to the alleged suicide of a non-party and to correct deficiencies pertaining to enrolling Ms. Williams as counsel. While the Court does not find Plaintiffs' counsel's conduct to be egregious, Plaintiffs' counsel's conduct in filing a wholly unsubstantiated motion to strike, and in multiple failures to abide by court orders, evidences a lack of diligence for which Rule 11 sanctions are warranted.

Rule 11 requires the imposition of sanctions once a violation has been found, however, sanctions must be appropriate. *Thomas*, 836 F.2d at 876. Although attorneys' fees and costs may be awarded as sanctions, the purpose of Rule 11 is to deter attorneys from violating the rule. *Id*.

> Sanctions should also be educational and rehabilitative in character and, as such, tailored to the particular wrong. To serve these multiple purposes behind Rule 11, the district court should carefully choose sanctions that foster the appropriate purpose of the rule, depending upon the parties, the violation, and the nature of the case.

*Id*.

The sanction imposed should be the least severe sanction adequate to the purpose of Rule 11. *Id.* at 877-78. As such, admonishment or reprimand from the court may be effective. See *id.*

The Court declines to award monetary sanctions in this case. Although Plaintiffs' filings technically run afoul of Rule 11, several mitigating factors support the imposition of an admonishment instead. Plaintiffs voluntarily withdrew their motion to strike. Although they failed to *timely* withdraw their motion to strike within twenty-one days, they did eventually withdraw the motion eight days later. Similarly, Plaintiffs conceded to striking paragraphs the Court found to be unrelated. Keaty Management did have to respond to Plaintiffs' filings, but their required responses were not significantly more onerous than those required in the ordinary course of litigation. Plaintiffs' concessions, albeit delayed, support the Court's finding that the conduct was not egregious or contumacious. Thus, the Court recommends that a Rule 11 sanction be imposed in the form of an admonishment from the Court.

## Conclusion

For the reasons discussed herein, the Court recommends that the Keaty Real Estate Management LLC's Motion for Sanctions (Rec. Doc. 27) be GRANTED IN PART AND DENIED IN PART. The motion should be granted to the extent

Defendant moves for sanctions under Rule 11. The motion should be denied without prejudice insofar as Defendant seeks a monetary award of sanctions.

The Court further recommends that Plaintiffs' counsel be admonished and instructed to exercise diligence in drafting and filing pleadings and in complying with court orders. Pleadings shall comply with Rule 11 and with any orders from the Court and shall be timely filed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 5th day of September, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE